**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| **JOEY CROOK,** individually and on behalf of similarly situated persons,<br><br>             Plaintiff,<br>     **v.**<br><br>**PJ OPERATIONS, LLC d/b/a**<br>**PAPA JOHNS PIZZA, TOM WYLIE, and**<br>**DAVID ALLEN,**<br><br>             Defendants. | **Case No. _____**<br><br>**Collective Action Complaint**<br><br>**Jury Trial Demanded** |

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff Joey Crook ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendants, PJ Operations, LLC d/b/a Papa John's Pizza, Tom Wylie, and David "Dougie" Allen (hereinafter "PJ Ops" or "Defendants"), and alleges as follows:

1.       Defendants operate numerous Papa John's Pizza franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the costs of the business use of their vehicles, Defendants used a flawed method to determine reimbursement rates that neither reimburses the drivers for the actual expenses, nor a reasonable approximation of those expenses, nor at the IRS business mileage rate. This under-reimbursement causes their wages to fall below the federal minimum wage during some or all workweeks.

2.       Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid minimum wages and overtime hours

1

owed to Plaintiff and similarly situated delivery drivers employed by Defendant at its Papa John's Pizza stores.

## Jurisdiction and Venue

3.     The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.     Venue in this District is proper under 28 U.S.C. § 1391 because Defendant resides in this District.

## Parties

5.     Defendant, PJ Operations, LLC, is a Kentucky limited liability company maintaining its principal place of business at 1999 Richmond Rd, Ste 300, Lexington, KY 40502. PJ Ops may be served via its registered agent, Ralph A Currie, 1999 Richmond Road, Suite 300, Lexington, KY 40502, or wherever he may be found.

6.     Defendant, Tom Wylie, is a "Manager" of PJ Operations, LLC.

7.     Defendant, Dougie Allen, is the operating partner over PJ Operations, LLC and oversees the operations of all PJ Operations, LLC stores.

8.     Plaintiff was employed by Defendants from approximately 2013 to July 2021 2021 as a delivery driver at Defendant's Papa John's Pizza store located in Bristol, TN. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

9.     Defendant, PJ Operations, LLC, is an "employer" of Plaintiff and similarly situated delivery drivers as that term is defined by the FLSA.

2

10.     Defendants, Tom Wylie and Dougie Allen, are "employers" of Plaintiff and similarly situated delivery drivers in that they regularly exercised the authority to: (a) hire and fire employees of PJ Operations, LLC; (b) determine the work schedules for the employees of PJ Operations, LLC, and (c) control the finances and operations of PJ Operations, LLC.  By virtue of having regularly exercised that authority on behalf of C PJ Operations, LLC, Defendants, Tom Wylie and Dougie Allen, are/were employers as defined by 29 U.S.C. § 201, et seq.

### General Allegations

### *Defendant's Business*

11.     Defendants operate approximately 23 Papa John's Pizza franchise stores throughout Kentucky, Virginia, Tennessee, North Dakota, Minnesota, and Virginia.

12.     Defendants' Papa John's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendant's Flawed Automobile Reimbursement Policy*

13.     Defendants require its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

14.     Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

15.     Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis between $.90 and $1.50, but the reimbursement is not based on their actual expenses. Moreover, the reimbursement amount is below the IRS business mileage

reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

16.     The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

17.     Defendants pay all drivers minimum wage inside the store and a tipped wage rate on the road while making deliveries.

18.     Defendants do not track and pay actual expenses delivery drivers incur in completing deliveries for Defendant.

19.     Defendants have not reimbursed drivers at the IRS standard business mileage for miles driven while completing deliveries for PJ Ops.

20.     During the applicable FLSA limitations period (2018 – 2021), the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.589 and $.637 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

21.     However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle

described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

22.     Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly failed to reimburse its delivery drivers for the cost of owning and operating their vehicles for Defendant's benefit.

23.     Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

24.     Defendants under-reimbursed their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

25.     At all relevant times, the reimbursement paid, on average, to Defendants' delivery drivers has been less than the IRS standard business mileage rate.

26.     Defendants did not reimburse delivery drivers based on a reasonable approximation of the expenses they incurred while completing deliveries for PJ Ops.

27.     In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

28.     Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

29.     Plaintiff was paid $7.25 per hour while employed by Defendants, including a tip credit of $2.08 applicable to the time he performed deliveries.

30.     The federal minimum wage has been $7.25 per hour since July 24, 2009.

31.     During the majority of the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed just $1.50 per delivery and drove an average of 5 or more miles per delivery. This means Plaintiff was getting paid approximately $.30 per mile ($1.50 divided by 5 miles respectively).

32.      During the relevant time period, the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the rate per mile plaintiff was making per mile driven ($.30 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.24 ($.545 - $.30) per mile.

33.     During his employment with Defendants, Plaintiff regularly made approximately 2 deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $.48 ($.24 x 2 deliveries).

34.     All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

35.     Because Defendants paid their drivers a gross hourly wage below the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

36.     Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Papa John's Pizza stores. Even if reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

37.      Defendants' low reimbursement rate was a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

38.     The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of its employees.

## Collective Action Allegations

39.     Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

40.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

41.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained

from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

42.     Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a.     They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.     They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.     Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.     They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.     They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.     They were subject to the same pay policies and practices of Defendants;

g.     They were subject to the same delivery driver reimbursement policy that systematically under-pays automobile expenses per mile, resulting in wages below the federal minimum wage in some or all workweeks;

h.     They were reimbursed similar set amounts of automobile expenses per delivery; and

i.     They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

## Count I:  Violation of the Fair Labor Standards Act of 1938

43.      Plaintiff reasserts and re-alleges the allegations set forth in paragraphs one (1) through forty-two (42) above as though fully stated herein.

44.      The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

45.      Defendant, PJ Operations, LLC, is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

46.      At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

47.      Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

48.      Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

49.      As alleged herein, Defendants have reimbursed delivery drivers less than either: (1) their actual vehicle expenses, (2) the IRS business mileage rate, or (3) even a reasonably approximate amount of their automobile expenses. This under-reimbursement diminishes these employees' wages beneath the federal minimum wage.

50.     Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage. Indeed, Defendants were sued on May 14, 2017 for the exact same allegations and still refused to change their reimbursement practices. *See, e.g., Edwards v. PJ Ops Idaho, LLC, et al*., Case No. 1:17-cv-00283 (D. Id.) ("*Edwards*"). The *Edwards* matter is currently pending and in active litigation.

51.     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

52.     Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

53.     Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

54.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff

and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

55.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated this 27th day of December, 2021.

Respectfully submitted,

**/s/ J. COREY ASAY**
J. Corey Asay, Esq.
KY Bar No.: 98665
MORGAN & MORGAN, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
T: (859) 286-8368
F: (859) 286-8384
E: CAsay@forthepeople.com

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq. (*pro hac vice* forthcoming)
FBN 0015527
Jolie N. Pavlos, Esq. (*pro hac vice* forthcoming)
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:     (407) 420-1414
Facsimile:      (407) 245-3401
Email:  RMorgan@forthepeople.com
           JPavlos@forthepeople.com


**/s/ ANDREW R. BILLER**
Andrew R. Biller (0081452) (*pro hac vice*
forthcoming)
Biller & Kimble, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

**/s/ ANDREW P. KIMBLE**
Andrew P. Kimble (0093172) (*pro hac vice*
forthcoming)
Philip J. Krzeski (0095713) (*pro hac vice*
forthcoming)
Biller & Kimble, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*

12