# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | |
|---|---|
| **JOEY CROOK, et al.,** | **CIVIL ACTION NO. 5:21-321-KKC** |
| **Plaintiffs,** | |
| **V.** | **OPINION AND ORDER** |
| **PJ OPERATIONS, LLC, d/b/a Papa John's Pizza.** **TOM WYLIE, and** **DAVID ALLEN** | |
| **Defendants.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the defendants' ("PJ Operations") motion to dismiss the plaintiffs' amended complaint. (DE 31) PJ Operations argues that the amended complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion will be denied.

As it must on a motion to dismiss, the Court has assumed the truth of all of the factual allegations in the complaint. *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 599 (6th Cir. 2016). Defendant PJ Operations operates numerous Papa John's Pizza franchise stores that employ drivers who use their own vehicles to deliver pizza and other food items to customers. Plaintiff Joey Crook was a delivery driver for PJ Operations. He asserts that PJ Operations failed to pay him the minimum wage of $7.25 per hour in violation of the Fair Labor Standards Act. *See* 29 U.S.C. § 206(a).

"The FLSA mandates that '[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce' a statutory

minimum hourly wage.'" *In re: Amazon.Com, Inc. Fulfillment Ctr. Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 905 F.3d 387, 405 (6th Cir. 2018) (quoting *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 530 (6th Cir. 2017)). The federal minimum wage is $7.25 per hour and has been since 2009. 29 U.S.C. § 206)(a)(1)(c).

There is an exception for "tipped" employees. Employers can pay tipped employees less than the minimum wage if the employee's tips make up the difference between the amount the employer pays to the employee and the minimum wage. 29 U.S.C. § 203(m)(2)(A)(ii). This is known as the "tip credit." An employer cannot take the "tip credit" unless it has informed the employee in advance of certain information including the amount of the tip credit that will be applied to the employee's wages for purposes of determining whether the employer has paid minimum wage. 29 U.S.C. § 203(m)(2)(A)(ii); 29 C.F.R. § 531.59(b); *U.S. Dep't of Lab. v. Cole Enterprises, Inc.*, 62 F.3d 775, 780 (6th Cir. 1995); *Ettorre v. Russos Westheimer, Inc.*, No. 21-20344, 2022 WL 822181, at *2 (5th Cir. Mar. 18, 2022); *Perez v. Lorraine Enterprises, Inc.*, 769 F.3d 23, 27 (1st Cir. 2014). In addition, the employer must report in writing to the employee the amount per hour that the employer takes as a tip credit each time it is changed from the preceding week. 29 C.F.R. § 516.28(a)(3).

PJ Operations argues that, in order to assert a minimum-wage claim under the FLSA, plaintiff must allege "(1) the amount of tips Plaintiff received during the workweek; 2) the number of hours worked per week; [and] 3) the amount of wages he earned in a week." (DE 31, Mem. at 7.)

In the motion, PJ Operations focuses on Crook's failure to plead the tips he actually received. (DE 31, Mem. at 6.) Crook does allege, however, that PJ Operations claimed a tip credit of $2.08 per hour against his hourly pay while he performed deliveries. (DE 26, Amended Complaint ¶ 29.) PJ Operations does not explain how any tips that Crook received

2

in excess of the tip credit are relevant in determining whether PJ Operations complied with the FLSA minimum wage provision. Nor does it cite any case law to that effect.

In *Rechtoris v. Dough Mgmt., Inc.*, No. 3:18CV708-PPS/MGG, 2019 WL 1515229, at *2 (N.D. Ind. Apr. 5, 2019), like Crook, the plaintiff argued that, when the expenses he incurred using his own vehicle to make deliveries were considered, his actual pay fell below the minimum wage. The defendants argued in response that the plaintiff's actual reported tips brought his average hourly pay well above minimum wage. The court found, "Any tips received by the employee in excess of the tip credit . . . are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act." 29 C.F.R. § 531.60. The court determined that "actual tips received by a server or delivery driver above what the employer has claimed in advance as a permissible tip credit don't count as compensation toward meeting the minimum wage requirement." *Id*. at *2.

To permit PJ Operations to now argue that a higher tip credit should be applied towards Crook's wages than PJ Operations notified the plaintiff of in advance would permit it to retroactively increase the tip credit. PJ Operations cites no authority indicating an employer can do that, and the court has located none. Instead, in cases very similar to this case, courts appear to have uniformly determined that an employee's actual tips beyond the tip credit claimed by an employer do not count toward the employer's minimum-wage obligations. *See, e.g., Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994*)* ("When the employer has not notified employees that their wages are being reduced pursuant to the Act's tip-credit provision, the district court may not equitably reduce liability for back wages to account for tips actually received.") *McFarlin v. Word Enterprises, LLC***,** No. 16-CV-12536, 2018 WL 1410827, at *2 (E.D. Mich. Mar. 21, 2018) ("29 U.S.C. § 203(m) states that the tip credit does not apply unless the employer has informed the employee about the tip credit. . . Defendants

3

cannot retroactively claim a higher tip credit taking *Cole* and the statutory provisions together."); *Meetz v. Wisconsin Hosp. Grp. LLC*, No. 16-C-1313, 2017 WL 3736776, at *5 (E.D. Wis. Aug. 29, 2017) ("[T]employee must receive advance notice of the tip credit. *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b). . . Accordingly, Defendants may not rely on Meetz's tips in excess of the tip credit to offset any deficiencies in his receipt of the federal minimum wage arising from under-reimbursement of his vehicle expenses as a result of Defendants' alleged unreasonable approximation of his actual expenses.); *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 727 (E.D. Mo. 2015) ("The Court finds, as a matter of law, that Defendants may not claim a tip credit in an amount greater than the difference between Plaintiffs' cash wage and minimum wage because they failed to notify Plaintiffs in advance that they were doing so.")

In its reply brief, PJ Operations no longer focuses on Crook's failure to plead the actual tips he received. Instead, PJ Operations argues that the complaint is deficient because Crook failed to plead that he was paid less than minimum wage when his pay is calculated "on a *workweek* basis." (DE 33, Reply at 2.) It is true that courts have grappled with "whether the relevant unit for determining minimum-wage compliance is the workweek as a whole or each individual hour within the workweek." *Douglas v. Xerox Bus. Servs., LLC*, 875 F.3d 884, 885 (9th Cir. 2017).

For example, in *Douglas*, Xerox argued that it complied with the FLSA minimum wage requirements because, even though it may have paid employees below the minimum wage for certain hours, when it totaled the amount it paid each employee for a workweek and divided that sum by the total hours the employee worked, the resulting hourly wage met or exceeded the minimum wage. The employees, on the other hand, argued that the FLSA measures compliance on an hour-by-hour basis and that Xerox violated the statute by

compensating above minimum wage for some hours and below minimum wage for others. The Ninth Circuit followed other federal courts of appeals, determining that "the [c]ongressional purpose is accomplished so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute." *Id.* at 888 (*United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960)).

 Federal courts of appeals have uniformly adopted the workweek as the measure for determining whether an employer has abided by the minimum wage requirements. *Hirst v. Skywest, Inc.*, 910 F.3d 961, 965 (7th Cir. 2018) (citing cases). This means that, "[a]ssuming a week-long pay period, the minimum wage requirement is generally met when an employee's total compensation for the week divided by the total number of hours worked equals or exceeds the required hourly minimum wage . . . ." *Amazon,* 905 F.3d at 406 (quoting *Stein,* 873 F.3d at 537.)

Under the workweek standard, an employer's failure to pay minimum wage for any particular hours worked does not necessarily violate the minimum wage provision of the FLSA. *Heck v. Heavenly Couture, Inc.*, No. 3:17-CV-0168-CAB-NLS, 2017 WL 4476999, at *4 (S.D. Cal. Oct. 6, 2017). Thus, courts have held that "a plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018). The Sixth Circuit agrees, holding that, because the average amount paid per hour during a workweek is what determines an FLSA violation, plaintiffs must "identify a particular workweek in which, taking the average rate, they received less than the minimum wage per hour." *Amazon*, 905 F.3d at 406. This means that a plaintiff fails to sufficiently plead a violation of the federal minimum wage unless they "allege a workweek in

which they failed to receive the minimum wage." *Id.* at 408 (interpreting Arizona state minimum wage statute that includes a "workweek requirement" analogous to the FLSA's).

Here, Crook asserts that he worked for PJ Operations from 2013 to July 2021 as a delivery driver. (DE 26, Amended Complaint, ¶ 8.) He further asserts that from 2018 to present, PJ Operations continuously under-reimbursed him for the automobile expenses he incurred. (DE 26, Amended Complaint, ¶ 20.) He alleges that, during the majority of his employment, PJ Operations reimbursed him approximately $.30 per mile. (DE 26, Amended Complaint, ¶ 31.) He asserts that a reasonable approximation of his expenses would be at least the IRS business mileage rate during the same time period of $.545 per mile, meaning he was underpaid at least $.24 per mile. (DE 26, Amended Complaint, ¶ 20.) He alleges that every hour on the job, he drove at least 10 miles for deliveries, so that his actual hourly pay should be reduced by at least $2.40 (10 miles x $.24) every hour on the job. (DE 26, Amended Complaint, ¶ 33.)

He asserts that, throughout his employment, he was paid $7.25 per hour, which included a tip credit of $2.08 per hour. (DE 26, Amended Complaint, ¶ 29.) He asserts that, when that hourly rate is decreased by $2.40 for his unreimbursed automobile expenses, his net hourly wages were only $4.85 per hour. (DE 26, Amended Complaint, ¶ 34.) Crook asserts that he was paid this amount "every hour on the job." (DE 26, Amended Complaint, ¶ 33.)

Thus, the complaint here is like that at issue in *Doucette v. DIRECTV, Inc.*, No. 2:14-CV-02800-STA, 2015 WL 2373271 (W.D. Tenn. May 18, 2015). In that case, the plaintiffs alleged that the employer "violated the FLSA in every 'given workweek' in which the Plaintiffs worked." 2015 WL 2373271, at *7-8. There the court determined that, while an allegation that a defendant violated the FLSA in a given workweek "pushes a complaint past the threshold, the Plaintiffs' allegation that the Defendant was constantly violating the FLSA

6

also pushes this Complaint past the threshold." *Id.* Put another way, plaintiff has identified a particular workweek that he was underpaid by alleging he was underpaid every hour in every workweek since 2018. *See also Rechtoris*, 2019 WL 1515229, at *2   ("Rechtoris is alleging that these defendants never paid more than the minimum wage . . . and always under-reimbursed auto expenses, such that Rechtoris was always paid less than minimum wage. These factual allegations raise a plausible inference that there was at least one workweek in which Rechtoris was underpaid.")

Ultimately, of course, the plaintiffs will have to prove they were paid below minimum wage. At this stage, however, they have satisfied Rule 8's pleading standards.

Accordingly, the Court hereby ORDERS that PJ Operations' motion to dismiss (DE 31) is DENIED.

This 25th day of October, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY